González et al., Demandantes y Apelantes, *v.* Pirazzi et al., Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Ponce en causa sobre reclamación de condominio en finca urbana y otros extremos.

No. 1300.—Resuelto en enero 26, 1916.

Contribuciones—Valoración de la Propiedad—Tasación.—Cuando la contribución se impone sobre la base de valoración de la propiedad, la tasación es un requisito previo indispensable sin la cual todos los procedimientos subsiguientes son nulos, debiendo observarse, al hacerse la tasación, las prescripciones del estatuto de acuerdo con el cual ha de hacerse.

Id.—Tasación Hecha a Nombre de uno Solo de los Dueños—Nulidad de la Tasación.—De acuerdo con los artículos 298, 309 y 315 del Código Político en la forma en que regían en marzo 5, 1901, es nula y sin ningún valor la tasación original de una propiedad a los efectos contributivos hecha y notificada únicamente a uno solo de sus dueños.

Id.—Apoderados—Posesión—Bienes Muebles.—El artículo 293 del Código Político es aplicable a los apoderados, a aquellos que están en posesión a nombre de otras personas, y no a uno de los varios condueños. Dicho artículo se refiere solamente a los bienes muebles.

Id.—Notificación al Dueño—Familiares—Testigos.—Cuando son varios los dueños de una propiedad, cada uno de ellos tiene derecho a una notificación, cualquiera que sea su naturaleza, siendo la teoría del artículo 336 del Código

Político que la notificación debe hacerse a los dueños, a sus familiares, si éstos se encontraren en el sitio, o se dejará en poder de testigos cuando los dueños no puedan hallarse.

RECONOCIMIENTO DE CONDOMINIOS—CONDOMINIOS—MALA FE—FRUTOS, RENTAS, BENEFICIOS Y UTILIDADES—DAÑOS Y PERJUICIOS.—Cuando en un pleito en reclamación o reconocimiento de condominios no aparece que los demandados hayan poseído de mala fé, es improcedente conceder frutos, rentas, beneficios y utilidades, así como daños y perjuicios.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Alberto S. Poventud.*

Abogados de los apelados: *Sres. José I. Fernández Segarra y José F. Fernández Corona.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los demandantes en unión de Natalio González a quien se menciona como demandado, son los herederos de su abuelo Federico González Vázquez, que era el dueño de la finca objeto de este pleito. Los demandantes habían sido los dueños de la referida finca desde el año 1897.

Se alega sustancialmente en la demanda que la finca fué inscrita en el Registro de la Propiedad de Ponce a nombre de dichos seis condueños el día 18 de octubre de 1902; que el Tesorero de Puerto Rico por medio de sus autorizados agentes practicó la tasación de la finca a nombre solamente de Natalio González y después, o sea en septiembre de 1904, embargó la totalidad de dicha finca como de la exclusiva propiedad de Natalio González que fué el único de los dueños a quien se notificaron los procedimientos, vendiéndose la finca a su nombre solamente para el cobro de la suma de $15.95; que en octubre 7 de 1904, dicho inmueble fué adjudicado en pública subasta por $18 a Jaime Vives y Font, quien inscribió su certificado de venta en 1905; que el Tesorero no dió aviso a los demandantes, ni de la tasación ni de la venta, no obstante haber sido los demandantes residentes de esta isla durante todo el tiempo de los procedimientos; que Jaime Vivas y Font vendió la totalidad de dicha finca al demandado Don Nereo Pirazzi, por escritura pública que también fué inscrita, vendiendo este último una parte de la finca a la co-

demandada Zoila Lugo, siendo los actuales poseedores las dos personas mencionadas últimamente; que los demandados se apropiaron las rentas y productos que ascienden a $1,440, y que los demandantes sufrieron daños y perjuicios. Alegan además que son los dueños de más de la mitad de la finca y solicitan que se haga que los demandados que están en posesión pongan a disposición de los demandantes la parte que pertenece a estos últimos, y piden también, en tanto en cuanto afecta a los demandantes, que la tasación, embargo y venta se declare que son nulos y sin ningún valor; y solicitan la nulidad de otras cosas, incluyendo la inscripción de la totalidad de la finca a nombre de los diferentes compradores.

Se verá, pues, que la teoría de la demanda es la de un pleito en reclamación o sobre reconocimiento de condominio. Los demandantes no impugnan la venta para el cobro de contribuciones en tanto en cuanto por la misma se trata de traspasar la participación de Natalio González, y nos abstenemos expresamente de tomar en consideración la validez general del procedimiento sobre contribuciones, limitándonos solamente a considerar las cuestiones específicas que han sido promovidas por los demandantes, a saber, primero, si la propiedad fué debidamente tasada de modo que pudieran ser despojados los demandantes de su título; segundo, si se dió a ellos el debido aviso de la tasación; y tercero, si se hizo una notificación suficiente a dichos demandantes del embargo y venta.

Natalio González, o sea el demandado arriba indicado, era el único de los dueños que vivía en la finca. Es un hecho que no ha sido impugnado en el caso desarrollado en el juicio, que la primitiva y subsiguientes tasaciones se hicieron a su nombre y que únicamente contra él se siguieron todos los posteriores procedimientos sobre notificación, embargo y venta de la finca. En el año económico de 1902–03 la finca fué tasada nuevamente a nombre de Natalio González.

En lo que respecta a la valoración de la propiedad para

el reparto de contribuciones, algunos de los principios están expresados en la obra de Black sobre Títulos por Contribuciones, a saber:

"Ahora bien, siempre que la contribución se impone sobre la base de la valoración de la propiedad, la tasación es un requisito previo indispensable. Es la primera diligencia en los procedimientos contra las cosas particulares que son objeto de tasación. De ella dependen todos los procedimientos sucesivos. Sin una tasación debida ninguna medida subsiguiente puede tener visos de validez. Y, lo que más particularmente nos interesa aquí, si la tasación es ilegal o insuficiente, o en alguna cuestión sustancial deja de cumplir con la ley, la venta de bienes inmuebles por falta de pago de las contribuciones de tal modo impuestas es ineficaz y nula. 'Los procedimientos de contribuciones son *in invitum* y para ser válidos deben estar en estricta armonía con el estatuto. Sin una tasación todos los procedimientos subsiguientes son nulos. Y al hacer la tasación deben observarse particularmente las prescripciones del estatuto de acuerdo con el cual ha de hacerse. * * *.'

"El principio general es indudablemente que la tasación es una medida tan importante y vital en los procedimientos sobre contribuciones, que la omisión de cualquier requisito en el debido procedimiento de la misma, o cualquier desviación sustancial de los preceptos del estatuto no puede ser considerada como una mera irregularidad o informalidad. En otras palabras, que las distintas medidas dispuestas por la ley en este sentido deben ser consideradas en su mayor parte como obligatorias e imperativas y observadas con exactitud escrupulosa. La imposición legal y ordenada de la tasación es uno de los más importantes salvaguardias ideados para la protección del ciudadano, y en relación con esto es que se han hallado muchos de los errores que han deteriorado los procedimientos de contribuciones e invalidado los títulos por falta de pago de las contribuciones.

"Es, sin embargo, igualmente verdadero que las meras irregularidades al hacer la tasación como aquellas que por su naturaleza no pueden ser perjudiciales no serán tenidas en cuenta. Y al considerar los varios estatutos que regulan la tasación de contribuciones, y las medidas anteriores a la misma, no siempre es fácil distinguir entre aquellas que son condiciones precedentes a la legalidad y validez de la contribución, y las que son meramente directivas y que no establecen condiciones. 'Una regla,' expresa la Corte de Massachusetts, 'es muy clara y está bien establecida, que todas aquellas medidas que tienen por objeto la seguridad del ciudadano, para garantizar una igualdad

en la tasación y para que cada uno pueda saber con certeza razonable por qué cabezas y por qué bienes inmuebles y muebles se le impone contribución y por qué se impone contribución a todos aquellos que como él están obligados, son condiciones precedentes y si no se han observado su tasación no ha sido hecha legalmente y puede oponerse a ella en cualquiera de las formas autorizadas por la ley para impugnar la validez de la contribución.   Pero muchas reglas se prescriben por el estatuto, para el conocimiento de los tasadores y funcionarios, y con el fin de promover el método, sistema y uniformidad en las formas del procedimiento cuyo cumplimiento o incumplimiento de modo alguno afecta a los derechos de los ciudadanos contribuyentes.   Estas pueden ser consideradas como directivas; los funcionarios pueden estar sujetos a la censura legal, quizás a un castigo por dejar de observarlas, pero su observancia no es, sin embargo, una condición precedente a la validez de la contribución.'   Cuando la ley dispone que los bienes hipotecados, menos el valor de la hipoteca serán tasados al dueño de los bienes, y el valor de la hipoteca a su tenedor, y que estos valores respectivos serán registrados en el libro de tasación 'en columnas por separado, bajo los debidos encabezamientos,' se declara que cuando el tasador registra el valor de la propiedad hipotecada en la debida columna pero deja de anotar el valor de la hipoteca en la tasación del dueño de la propiedad y de deducirlo del valor de la propiedad, la tasación y todos los procedimientos subsiguientes de conformidad con ella son nulos, y la venta por falta del pago de contribuciones así impuestas no despojará del título al dueño de la propiedad.''

Los apelantes sostienen en primer lugar que la tasación original era nula y sin ningún valor, puesto que se hizo a nombre de uno de los dueños solamente y que el tasador fácilmente pudo haber descubierto quiénes eran los otros dueños con sólo preguntarlo.   El deber era claro de acuerdo con los artículos 298, 309 y 315 del Código Político que estaba vigente cuando la finca fué tasada primeramente en marzo 5, 1901.   El colector estaba obligado a tomar informes.   En la fecha en que se hizo la primera tasación y asimismo al verificarse la segunda, no estaba inscrita la finca, hecho sobre el cual insisten los apelados.   Sin embargo, confiaban principalmente en el artículo 293 del Código Político vigente a la fecha

en que tuvieron lugar las tasaciones, embargo y venta, el cual prescribía lo siguiente:

"Todos los comerciantes, comisionistas y todas las personas que negocien o comercien en el ramo de comisiones y los apoderados autorizados para vender, y las personas que tengan en su poder propiedad que pertenezca a otras, sujeta al pago de contribuciones en el distrito de tasación donde la citada propiedad se encuentre, serán considerados para los efectos de la imposición de contribuciones, como si fueran los dueños de la propiedad en su poder."

Creemos que el artículo 293, es de aplicación por sus propios términos a los apoderados, a aquellos que están en posesión a nombre de otras personas y no a uno de los varios condueños. No existió prueba de que Natalio González estaba en posesión como apoderado de los otros condueños, o en alguna otra forma que no fuera como condueño. El declaró que no lo estaba. Ni vemos que exista ninguna relación de agencia en el sentido ordinario de esa palabra. Además, creemos que de un examen más cuidadoso del artículo 293, así como del lugar en que aparece en el código se verá que este artículo se refiere solamente a bienes muebles. El artículo 292 hace referencia a los bienes muebles y lo mismo los artículos 294, 295 y 296. Además, las palabras "comerciantes comisionistas," según se interpretan generalmente solamente son aplicables a aquellos que manejan bienes muebles. De una lectura de otros estatutos y textos sobre Contribución se verá también que éste es un precepto de ley que por lo general se refiere a los bienes muebles. A mayor abundamiento, creemos que si la Legislatura hubiera tenido la intención de incluir en este artículo un precepto relativo a aquellos que poseían bienes inmuebles a nombre de otras personas hubiera empleado un lenguaje más adecuado.

El artículo 309, vigente a la fecha en que se hizo la tasación en este caso, dispone lo siguiente:

"A los contribuyentes les notificará sin dilación el Tesorero toda tasación original o retasación que se verifique de sus fincas, mediante

entrega de notificación por escrito al dueño de la propiedad, o en caso de hallarse éste ausente, a la persona encargada de la finca    \*    \*    \*."

·Teniendo presente los principios generales relativos a la imposición de la contribución tiene que ser evidente que el colector de rentas en este caso tiene el deber de notificar al dueño de la finca. Solamente estaría justificada la notificación a la persona encargada de la finca cuando el dueño de ésta se encuentra verdaderamente ausente. Creemos que los autos de este caso muestran que el objeto era imponer la contribución al dueño y, por tanto, debieron haber sido notificados los dueños.

La finca fué embargada y vendida sin que se hubiera dado aviso alguno a los apelantes. En relación con esto admiten los apelados que una ley sobre contribuciones debe ser interpretada estrictamente, pero sostienen que la ley de contribuciones de Puerto Rico se cumplió en este caso. La corte inferior se fundó en los artículos 293 y 298 del Código Político. El artículo 293 ya ha sido citado y discutido y el 298 parece que no tiene aplicación especial. El artículo 298 tal como fué aprobado originalmente no contiene nada acerca del aviso al contribuyente. Los apelados, sin embargo, se basan en cierto modo en el artículo 336 del Código Político, cuya parte pertinente es como sigue:

"Art. 336.—Inmediatamente después del recibo del consentimiento escrito del Tesorero, el colector, sub-colector o agente dictará una notificación escrita de embargo de la propiedad mueble del contribuyente moroso; notificación que expresará el total de las contribuciones vencidas y no satisfechas y el recargo señalado por el artículo 330. Dicho embargo será ejecutivo tan pronto se haya notificado de él, haciendo la entrega de una copia de la notificación a algún miembro de la familia, o dependiente mayor de edad; una constancia de dicha entrega se registrará por el colector, sub-colector o agente para ulterior efecto. Cuando el colector, sub-colector o agente no encuentre a ningún miembro de la familia o dependiente del deudor, llamará a dos vecinos como testigos de la entrega de dicha notificación de embargo, y dejará dicha notificación en poder de los testigos citados;

y.si no se encontrasen vecinos dispuestos a hacerse cargo de la notificación, se fijará o pegará ésta en los efectos, muebles u otra propiedad de dicho deudor, después de lo cual dicha notificación de embargo se considerará como entregada al deudor. Si a la expiración de diez días después de la entrega de dicha notificación las citadas contribuciones, con el recargo dispuesto en el artículo 330, no han sido satisfechas, el colector, sub-colector o agente procederá a ejecutar el embargo y vender los bienes muebles de dicho deudor, o la parte de dichos bienes que sea estrictamente suficiente para cubrir el pago de las citadas contribuciones, penalidades y costas. * * *."

Ese artículo se refiere continuamente al "deudor." El artículo 392 del Código Político determina que el número singular incluye al plural. En la fecha del embargo y de la venta los verdaderos dueños de la finca con derecho inscrito eran no solamente Natalio González sino también los apelantes, y todos tenían derecho a la notificación según las disposiciones del Código Político como de la ley en general. Véase el caso de *Menéndez v. El Registrador de la Propiedad,* 13 D. P. R. 191; 37 Cyc. 1325, nota 15; Cooley, sobre Contribuciones (3ª. edición), página 733; *Weinreich v. Hensley,* 121 Cal. 647–659; *Turpin v. Lemon,* 187 U. S. 57. En este caso los dueños de la finca no fueron notificados sino solamente uno de ellos. No importa que el artículo 336, *supra,* exprese que la notificación debe hacerse a un miembro de la familia. La familia a que se refiere dicho artículo se supone de antemano que es la familia que vive en el lugar. Un primo no es un miembro de la familia de los primos, condueños que viven separados. Creemos que este razonamiento se desprende del mismo artículo 336 y de otros artículos del Código Político. La teoría correcta es que la notificación debe hacerse a los dueños, a sus familiares si éstos se encuentran en el sitio, o se dejará en poder de los testigos cuando no pueden hallarse todos los dueños. La corte nada tiene que ver con los inconvenientes que pueda ocasionar la interpretación que demos al estatuto cuando son varios los dueños. Queda el hecho de que cada dueño tiene derecho a una noti-

ficación cualquiera que fuese su naturaleza y en este caso los apelantes no fueron notificados en absoluto. Aparece además el hecho de que en la fecha en que se hizo una de las tasaciones y de la venta la finca estaba inscrita en el registro a nombre de los apelantes; por tanto, es evidente que el colector no hizo la debida investigación.

Tenemos, pues, que llegar a la conclusión de que para la venta de la finca cuyo condominio reclaman los demandantes a los demandados no se siguió por la administración el debido procedimiento y que en su consecuencia dicha venta es nula en cuanto afecta a aquel condominio, siendo también nulos los traspasos sucesivos a Nereo Pirazzi y Zoila Lugo en la parte que a tal condominio se refiere.

Los demandantes tienen derecho al condominio cuyo reconocimiento piden en la proporción por ellos fijada.

Como no aparece que los demandados hayan poseído con mala fe es improcedente la reclamación hecha por los demandantes de frutos, rentas, beneficios y utilidades, así como de daños y perjuicios.

Para el caso de edificación sobre el terreno de que se trata se atemperarán los dueños a lo que establece el artículo 370 del Código Civil.

Por las razones expuestas es de revocarse la sentencia apelada y declararse que los demandantes son dueños en común proindiviso de una participación equivalente a cincuenta y seis avas partes, sesenta y seis centésimas y sesenta y cinco milésimas de la totalidad de la finca descrita en la demanda, la que actualmente poseen los demandados Nereo Pirazzi y Zoila Lugo, siendo en su consecuencia nulas las inscripciones de propiedad de esa finca a favor de dichos demandados y del otro demandado, su causante Jaime Vivas y Font, en cuanto afectan a la participación de condominio reconocida a los demandantes, sin que haya lugar a la reclamación que se hace en la demanda por concepto de frutos, rentas, bene-

ficios y utilidades y de daños y perjuicios, todo sin especial condena de costas, desembolsos y honorarios de abogado.

> *Revocada la sentencia apelada y declarada con lugar la demanda menos en cuanto a la reclamación de frutos, rentas, beneficios, utilidades y daños y perjuicios; sin costas.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey, firmando "conformes con la sentencia" los Jueces Asociados Sres. del Toro y Hutchison.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SR. DEL TORO.

De los autos aparece que cuando se siguieron los procedimientos para la venta de la finca por falta de pago de contribuciones, dichos procedimientos se dirigieron contra Natalio González como único dueño de la finca, cuando es lo cierto que en esa fecha estaba ya inscrita dicha finca en el registro de la propiedad a favor de Natalio y, además, de todos los demandantes. Esta circunstancia es para mí suficiente para estar conforme con la revocación de la sentencia, sin necesidad de entrar a establecer conclusiones sobre los otros particulares que comprende la opinión de la mayoría de los jueces de esta corte.