CLAUDIO, DEMANDANTE Y APELADO, *v.* PALACIOS Y MUÑIZ, DEMANDADOS, Y APELANTE LA ÚLTIMA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre cobro de dinero

No. 2365.—Resuelto en julio 22, 1921.

ABOGADOS—COMPARECENCIA DE ABOGADOS—PRESUNCIÓN DE QUE EL ABOGADO REPRESENTA AL CLIENTE.—La comparecencia de un abogado debidamente admitido es prueba presuntiva de su facultad para representar a la persona por quien comparece, e incumbe a la parte que impugna su facultad demostrar que es nula.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Méndez Vaz.*

Abogado del demandado: *Sr. A. Dones.*

Abogado del apelado: *Sr. M. Tous Soto.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

Juana Muñiz presentó una moción para que se dejara sin efecto una sentencia final, las diligencias seguidas en la ejecución de la misma y todos los procedimientos habidos en un caso a partir y después de una orden sobre sustitución de partes demandadas.

En su moción se dice lo siguiente:

"1. Que en este caso y a virtud de orden de la corte, se sustituyó la persona del demandado don José Palacios Rucabado por sus hijos doña María, don José, don Manuel, don Rafael, don Víctor y doña América Palacios Trade, y su vda. doña Juana Muñiz.

"2. Que de acuerdo con el artículo 43 de la Ley de Enjuiciamiento Civil, tal como fué enmendada por la ley de 8 de marzo de 1906, era necesario *citar* a la compareciente, como una de las herederas de don José Palacios Rucabado, para que compareciera a defenderse en dicha acción, citación que había de efectuarse en la forma prescrita por la ley para las citaciones ordinarias.

"3. Que la compareciente no ha recibido hasta la fecha citación de ninguna clase y a esa misma conclusión se llega, examinando ligeramente los autos del caso, donde no hay constancia alguna que acredite ese extremo.

"4. Que la compareciente, que reside en New York desde el mes de julio de 1920, no ha tenido conocimiento de la existencia de este litigio hasta recientemente que se ha enterado de lo que ha sucedido, por un edicto que ha visto publicado su apoderado don Pedro de Elzaburu en un periódico local 'El Imparcial', en que se anuncia en venta una casa de la exclusiva propiedad de la compareciente por el marshal de esta corte.

"5. Que la compareciente, ni personalmente ni por mediación de tercera persona, ha nombrado a ningún abogado para que ostente su representación en estos autos.

"'6. Que según informes fidedignos, el abogado don Adolfo Dones al personarse en este caso, después de la substitución de partes, lo hizo a nombre de los seis hijos del Sr. Rucabado, antes nombrados mas no en representación de la exponente.

"7. Que don Pedro Elzaburu, único apoderado que tiene en Puerto Rico, tampoco ha confiado la representación y defensa de la compare-

ciente, a ningún abogado en esta isla.  Se acompaña un *affidavit* de dicho señor que se hace formar parte de esta moción.

"8. Que la substitución de partes demandadas en este litigio se hizo antes de contestarse la demanda y consiguientemente antes de la celebración del juicio, no habiendo tenido, por tanto, oportunidad la compareciente ni de presentar su contestación ni de ofrecer sus pruebas el día del juicio.

"9. Que la responsabilidad que se trata de hacer efectiva en este caso, dimana de la infracción de cierto contrato según se alega, en el que no tuvo intervención de ninguna clase la exponente.

"10. Que el embargo para aseguramiento de la efectividad de la sentencia solicitado por el demandante y trabado sobre una casa de la exclusiva propiedad de la compareciente Juana Muñiz cuya venta en subasta pública está señalada para el día cinco de octubre de 1920, no ha sido notificado a la compareciente en forma legal, ni tampoco a su apoderado don Pedro de Elzaburu."

La alegación está suscrita y jurada por el abogado de su propio conocimiento en cuanto a los párrafos 1, 2, 8 y 9 y por informes que cree ciertos los restantes.

Las declaraciones juradas de Dones y Elzaburu son las siguientes:

"Yo, Adolfo Dones Padró, juro: que soy mayor de 21 años de edad, abogado, casado y vecino de esta Capital: que fuí el abogado de don José Palacios Rucabado en este asunto hasta su fallecimiento ocurrido en ocho (8) de septiembre de 1919, que con posterioridad a dicho fallecimiento, sus hijos doña María, don José, don Manuel, don Rafael, don Víctor y doña América Palacios Trade, me confirieron su representación y a su nombre de ellos, solamente, me personé en el pleito arriba expresado: que la viuda doña Juana Muñiz, a quien conozco, le constaba que el declarante era el abogado de su esposo en este litigio; que después de fallecido don José Palacios Rucabado, el declarante y su viuda Juana Muñiz, no han hablado de este asunto, y que el declarante se ha entendido con el Sr. Víctor M. Palacios,—quien era apoderado de sus hermanos: Que lo declarado es la verdad, toda la verdad, y nada más que la verdad.—A. Dones."

"Yo, Pedro de Elzaburu y Vizcarrondo, juro: que soy mayor de edad, casado, empleado y propietario vecino de San Juan, que soy la persona que en Puerto Rico cuido de los intereses de doña Juana Muñiz, vda. de Palacios en segundas nupcias, desde que esta señora

reside en New York; que dicha señora se ausentó de esta isla para New York antes del mes de julio de 1920, y desde entonces no ha vuelto a Puerto Rico; que el dicente como apoderado de dicha señora no ha hecho designación alguna de abogado, antes de esta fecha que se cuide de representarla en litigios de ninguna clase no habiendo hecho tampoco su poderdante, según su mejor conocimiento y creencia; que ni siquiera sabía que existiese el pleito de autos, pues no ha visto en los periódicos locales edicto alguno emplazando a su representada, ni citándola, ni notificando la demanda de ninguna clase; que recientemente tuvo ocasión de ver en el periódico 'El Imparcial' que se edita en esta Capital, el edicto que se acompaña en el que aparece pregonada una casa de la propiedad de su mandante, cuyo remate tendrá lugar el día cinco del mes próximo y por tal edicto, ha podido averiguar cuanto se ha actuado en este caso; que su mandante en ninguna ocasión ni en ninguna de las cartas le ha hablado de semejante pleito de cuya existencia no ha tenido ni tiene conocimiento, ya que a cosas de menos importancia se refiere en su correspondencia; que la deuda que aquí se reclama no ha sido constituída por su mandante, sino que deriva de cierto contrato que celebró su esposo y cuya responsabilidad se trata de hacer ahora efectiva; que su mandante como viuda del demandado Sr. Palacios Rucabado, se limitó a percibir su cuota usufructuaria, que le fué entregada en efectivo percibiendo por tal concepto * * *; que la casa cuyo remate se ha anunciado, según antes se ha dicho, es de su exclusiva propiedad, habiéndola comprado después de muerto su esposo; que él como apoderado, no ha recibido notificación alguna de embargo trabado sobre la misma, ni ha visto publicada su notificación en ningún periódico local; que en la fecha en que el marshal de esta corte hace constar que notificó por escrito a la Sra. Muñiz el embargo, en la casa No. 69 de San Juan Moderno, dicha señora no residía en Puerto Rico; y que lo declarado es la verdad, toda la verdad y nada más que la verdad.—(Fdo.) Pedro de Elzaburu.''

El contra *affidavit* presentado por Avelino Flores es como sigue:

''Yo Avelino Flores, después de prestar juramento con arreglo a la ley, declaro: Que soy de 35 años de edad, soltero, sastre, vecino de San Juan y residente en esta ciudad desde hace más de dos años; que conozco al abogado don Victoriano M. Fernández, con quién tuve una contrata allí por el año 1918 hasta principios de 1920, para

llevar a efecto las notificaciones que hubieran de hacerse en la oficina de abogado que tenía en sociedad con don Manuel Tous Soto; que conozco a doña Juana Muñiz, vda. de Palacios y fuí comisionado para notificar a esa señora y los hijos de don José Palacios como lo hice a fines de noviembre o principios de diciembre del año 1919, verificando la citación de dicha señora en el poblado de San Juan Moderno de Santurce, en la misma fecha que hice la de los demás demandados, esto es, con entrega de copias de la demanda y emplazamiento y que dicha señora se incomodó conmigo diciéndome que por qué le enviaban aquellos papeles cuando tenía su abogado que conocía el Sr. Fernández.—(Fdo.) Avelino Flores.''

Al declarar sin lugar la moción la corte inferior se expresó en los siguientes términos:

''Vista la moción presentada por doña Juana Muñiz, viuda de Palacios, y examinado el record, resulta que el abogado Sr. Dones compareció representando a dicha peticionaria en todas sus actuaciones.

''Es de observarse que este pleito al iniciarse lo fué contra don José Palacios Rucabado, el que aparece representado por el abogado Sr. Dones y el que a su nombre interpuso excepciones previas a la demanda con fecha 26 de junio de 1919; en 21 de octubre del mismo año, el demandante solicitó la sustitución de la parte demandada por la sucesión y la viuda del demandado, previa notificación al abogado Sr. Dones.

''En 14 de noviembre el demandante radicó una demanda enmendada contra la sucesión y la viuda, a la que se interpuso excepción por la sucesión demandada la que fué declarada sin lugar, concediéndole la corte diez días a los demandados para contestar.

''Posteriormente y con fecha 28 de enero de 1920, comparecieron las partes y estipularon se le concedieran diez días a los demandados para contestar, y el Sr. Dones aparece firmando la estipulación como abogado de los demandados. En 11 de febrero el abogado Sr. Dones contestó la demanda a nombre de los demandados.

''Señalado el día 15 de junio para la celebración del juicio el Sr. Dones compareció a nombre de los demandados y con fecha 21 de junio presentó su alegato también a nombre de los demandados.

''Transcurrido el término para la apelación, presentó escrito, el que no surtió efecto por haber transcurrido el término y el demandante inició la ejecución de la sentencia.

"En ninguna de sus comparecencias el Sr. Dones hizo la salvedad de que sólo representaba a la sucesión.

"En el acto del juicio, cuando la corte hizo la pregunta de costumbre, '¿Los demandados están listos para el juicio'? El Sr. Dones contestó afirmativamente, sin que alegara que solo representaba a la· sucesión.''

El apelante insiste en que:

"La corte con su orden de fecha cinco de octubre de 1920 declarando sin lugar la moción de la demandada apelante Juana Muñiz vda. de Palacios, cometió los errores siguientes:

"Primero: Infracción de la Ley No. 94, aprobada por la Cámara Legislativa de Puerto Rico, promulgada en 31 de marzo de 1919 en virtud de sentencia del Tribunal Supremo de Puerto Rico, de fecha 11 de marzo de 1919.

"Segundo: Infracción del artículo 43 del Código de Enjuiciamiento Civil, enmendado por la ley aprobada por la Cámara Legislativa de Puerto Rico en ocho de marzo de 1906.

"Las dos infracciones invocadas, se fundan en los motivos legales siguientes: Tanto la moción del demandante sobre sustitución de partes demandadas, como el escrito del mismo demandante pidiendo al secretario de la corte incluyese aquella moción en el calendario especial para su vista; ni la orden de la corte declarando con lugar la moción del demandante sobre sustitución de partes demandadas, fueron notificadas a la demandada apelante Juana Muñiz, vda. de Palacios en tiempo ni forma legal alguna, pues si bien aparece que de todo ello fué notificado el abogado Adolfo Dones Padró, como abogado del demandado fallecido José Palacios Rucabado, tal representación terminó el día 8 de septiembre de 1919, en que falleció dicho José Palacios (artículo 1836,) del Código Civil y *Julián et al v. McCormick et al.,* 25 D. P. R. 186; y como dicho abogado en la fecha de dichas notificaciones ni posteriormente, ha representado en este pleito a la demandada Juana Muñiz, es claro y evidente convenir en que las infracciones invocadas han sido cometidas por la corte inferior.

"Tercero: Infracción del artículo 98 del Código de Enjuiciamiento Civil:

"La infracción alegada se funda en el motivo legal siguiente: En 18 de noviembre de 1919, el demandante enmendó su demanda, la que no fué notificada a la demandada Juana Muñiz, vda. de Pala·cios, ni personalmente ni por medio de edicto, y si bien aparece de

los autos que el abogado Adolfo Dones compareció en representación de la sucesión demandada en 7 de enero de 1920 oponiendo excepciones previas a la demanda enmendada, y declaradas éstas sin lugar, el propio abogado contestó la demanda enmendada, sin especificar en ninguna de esas comparecencias los nombres de los demandados a cuyo nombre y representación compareció; como la demandada Juana Muñiz, vda. de Palacios, en ningún tiempo confirió su representación a dicho abogado Sr. Dones Padró en este pleito, ninguna de las omisiones en que haya incurrido dicho abogado, deben ni pueden perjudicar el derecho e intereses de la demandada Juana Muñiz vda. de Palacios.  *  *  *

"Cuarto: La corte inferior cometió error con su sentencia de fecha once de agosto de 1920, en cuanto condenó a la demandada Juana Muñiz vda. de Palacios, en unión de los demás demandados, a pagar al demandante $2,500 dollars; por el motivo de que, no habiendo sido citada ni emplazada de la demanda enmendada la demandada Juana Muñiz vda. de Palacios ni conferido su representación al abogado Dones, ni comparecido en autos, voluntariamente, la corte, no ha adquirido jurisdicción sobre dicha demandada y carecía de jurisdicción para dictar sentencia contra la misma.

"Quinta: Infracción del artículo 1226 del Código Civil Revisado que copiado dice así:

"Ninguno puede contratar a nombre de otro sin estar por éste autorizado o sin que tenga por la ley su representación legal. El contrato celebrado a nombre de quien no tenga su autorización o representación legal, será nulo, a no ser que lo ratifique la persona a cuyo nombre se otorgue antes de ser revocado por la otra parte contratante.''

Y la corte inferior en su orden de fecha cinco de octubre de 1920, dice:

"En ninguna de sus comparecencias el Sr. Dones hizo la salvedad de que sólo representaba a la sucesión.   En el acto del juicio, cuando la corte hizo la pregunta de costumbre, 'los demandados están listos para el juicio' el Sr. Dones contestó afirmativamente, sin que se alegara que sólo representaba a la sucesión.''

Que Dones no compareció en representación de los hijos solamente como expresó él en su *affidavit* sino como abogado de los demandados sin que nada indique una intención de

excluir a la viuda, es un hecho que aparece concluyentemente de los autos. El dice que la viuda, a quien conoce, tenía conocimiento de que él era el abogado de su esposo en este pleito. Dicho abogado cuidadosamente elude decir que ella no le autorizó para representarla después del fallecimiento de su esposo o que él en realidad no la representaba. La ingenua manifestación de que no había hablado nada con ella después del fallecimiento de Palacios, y verdaderamente toda esta notable combinación de palabras, es más significativa por razón de lo que deja a la imaginación que por nada de lo que en ella se queda expresado como hecho.

Una curiosa circunstancia digna de consideración en relación con ésta es que cuando el caso fué llamado para juicio solicitaron verbalmente una suspensión. Los fundamentos de la moción no constan pero ésta fué declarada sin lugar y es inconcebible que la corte hubiera procedido a la celebración del juicio y a dictar sentencia en contra de la viuda ante una formal sugestión de que el abogado de la defensa no la representaba y que en realidad ella nunca fué hecha parte en el pleito. Si el abogado en su alegación no intentó asumir ninguna responsabilidad como abogado de la viuda o si él no estaba autorizado para representarla, él perdió con esto una excelente oportunidad de obtener la deseada suspensión de la vista mediante la presentación de estos hechos.

En cuanto a la declaración jurada de Elzaburu, será bastante con decir que según consta de la declaración jurada de Avelino Flores, que no ha sido contradicha expresamente, el emplazamiento, junto con una copia de la demanda fué notificada a la viuda en noviembre 1919 y la contestación de Dones como abogado de los demandados fué radicada en febrero 11 de 1920, algunos meses antes de marcharse doña Juana y de la fecha en que el declarante se hizo cargo de sus intereses. La omisión en no haberse radicado un *affidavit* de notificación de la demanda enmendada antes de la

fecha de la moción citada en primer término se explica satis-
factoriamente por la comparecencia, excepciones previas y
contestación de los demandados.

"Está bien establecido en las cortes de este país, tanto en la Fe-
deral como en la de Estado, que la comparecencia de un abogado
debidamente admitido es prueba presuntiva de su facultad para re-
presentar a la persona por quien comparece, e incumbe a la parte
que impugna su facultad demostrar que es nula." 2 R. C. L., p.
980, sec. 58. Véase también 6 C. J., p. 631, sección 128.

Otra presunción que de ser necesaria, podría o no ser
invocada por robustecer más lo dicho anteriormente es: "que
toda persona cuida de sus propios asuntos con celo ordi-
nario." Sección 102, apartado 4, de una "Ley para regla-
mentar la presentación de evidencia en los procedimientos
civiles," aprobada marzo 9, 1905.

La viuda misma nada dice. Su abogado habla de su pro-
pio conocimiento únicamente en cuanto a cuestiones de de-
recho, de opinión legal o de constancias de autos, que no
constituyen por sí los verdaderos fundamentos de la moción.
La declaración cuidadosa de Elzaburu, sacada de su argu-
mentación, inferencia, conclusiones y manifestaciones condi-
cionadas, no requiere formal consideración. El no expre-
sarse ningún hecho pertinente en la declaración jurada de
Dones, excepto en cuanto a la materia respecto a la cual los
autos le contradicen, es más elocuente que el verdadero con-
tenido de ese vago y elusivo documento; y la fuerza per-
suasiva de tal omisión tiende a sostener las conclusiones a
que llegó el juez sentenciador más bien que la teoría del
apelante.

El caso así presentado no obstante la inequívoca y no
contradicha declaración jurada de la notificación no es bas-
tante para hacer ineficaz la presunción citada en primer
término.

Sí, según declaró probado la corte inferior y como esta-
mos obligados a declarar a falta de una demostración más

robusta en sentido contrario, la apelante estaba represen-
tada por abogado, las otras cuestiones, de haber algunas,
envueltas en el razonamiento contenido en el alegato de ·la
apelante, aunque no carecen enteramente de méritos, difícil-
mente·podían considerarse como fundamentos para la revo-
cación de la sentencia apelada.

La resolución apelada debe ser confirmada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Aso-
ciados Wolf, del Toro y Aldrey.