Celia Olmedo Wood, demandante y apelada, *v.* Balbino Balbín y su esposa Mariana Alfaro Torres, Romualdo Rivera y su esposa Joaquina Andrini, Pablo Meléndez y Phillip El Koury, demandados y apelantes los dos primeros.

Núm. 9572.—*Sometido:* Enero 10, 1949. *Resuelto:* Febrero 24, 1949.

*Félix Ochoteco, Jr. y Luis E. Dubón,* abogados de los apelantes; *Miguel Olmedo Toste y José Sabater,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Romualdo Rivera y Celia Olmedo Wood contrajeron matrimonio en 1918. En 1920 adquirieron un solar y en el 1922 edificaron en el mismo una casa. En 1935 el matrimonio fué disuelto por sentencia de divorcio.

En 1938 Pablo Meléndez demandó a Rivera en cobro de dinero alegando que éste había otorgado un pagaré a su favor el 15 de mayo de 1934, y que dicho pagaré había vencido el 30 de junio de 1935, sin que se hubiese pagado. Meléndez obtuvo sentencia en rebeldía por $900 de principal y $100 para costas y gastos. Rivera renunció al derecho de apelación, y el inmueble se vendió en ejecución de sentencia a Philip El Koury en $500, a pesar de que la propiedad tenía entonces un valor de $3,000. Celia Olmedo no era parte en este pleito y nunca fué notificada de procedimiento alguno en el mismo, no obstante el hecho de que la sociedad de gananciales entre ella y Rivera no se había liquidado aún.

En 1938 Celia Olmedio radicó demanda contra Rivera, Meléndez y El Koury solicitando la nulidad de la sentencia obtenida por Mélendez contra Rivera y la de la venta a El Koury, en cuanto afectaba la mitad que le pertenecía en el inmueble. Alegó varias causas de nulidad, incluyendo la alegación de que el pagaré era simulado. Esta demanda fué anotada en el Registro de la propiedad.

Luego de un juicio en los méritos, la corte de distrito desestimó la demanda, apelando Celia Olmedo. Estando pendiente la apelación el juez de distrito que había visto el caso y uno de los taquígrafos que tomó parte de la prueba, fallecieron, sin que se hubiera hecho la transcripción de evidencia. Por consiguiente, dictamos una resolución el 18 de diciembre de 1940 declarando con lugar la moción de los apelados para que se desestimara la apelación por no haber sido ésta perfeccionada. Pero con dicha resolución no cerramos el caso. Más bien, lo devolvimos a la corte de distrito para que ésta determinara a su discreción, después de probar la demandante satisfactoriamente su diligencia y los méritos de su acción, si debía concederse un nuevo juicio, siempre que se le solicitase dentro de 15 días a partir de la fecha de nuestra resolución. *Olmedo* v. *Rivera*, 57 D.P.R. 985-6.

Celia Olmedo solicitó oportunamente de la corte de distrito el nuevo juicio el 28 de diciembre de 1940. Éste le fué concedido por resolución del 3 de abril de 1941. Desestimamos por frívola una apelación contra esa resolución en *Olmedo* v. *Rivera*, 59 D.P.R. 487.

A pesar del hecho de que estaba pendiente la moción del 28 de diciembre de 1940 solicitando un nuevo juicio, los demandados radicaron ante la corte de distrito una moción solicitando la cancelación del aviso de demanda en el Registro de la Propiedad. No notificaron a la demandante de esta moción y el 15 de febrero de 1941 obtuvieron de un juez de distrito que desconocía los hechos, una resolución *ex parte* cancelando el aviso de *lis pendens*. La orden de cancelación se presentó al Registro el 17 de febrero a las 2:15 p.m. En dicho día, entre las 3:00 y 4:00 de la tarde, El Koury que todavía no había inscrito la escritura que él obtuvo mediante la venta judicial, otorgó una escritura traspasándole el inmueble a Balbino Balbín. Decía esta escritura que El Koury vendía la finca a Balbín por $2,500. Al

mismo tiempo, Balbín otorgó una hipoteca sobre la propiedad por $1,000 a favor de Joaquina Andrini, que para esa fecha era esposa de Rivera.

En vista del hecho de que se había concedido un nuevo juicio, el caso contra Rivera, Meléndez y El Koury, en el cual Balbín no era parte, fué juzgado de nuevo. La corte de distrito resolvió que el pagaré otorgado por Rivera a favor de Meléndez erà simulado y fué otorgado con el único propósito de defraudar a Celia Olmedo en sus derechos al inmueble en cuestión. En apelación, convinimos con esta conclusión. En cuanto a El Koury, dijimos que ''estamos satisfechos de toda la prueba y de las circunstancias concurrentes que El Koury tenía conocimiento efectivo de todos los hechos el día de la subasta, y por tanto es imposible que sea un tercero bajo el artículo 34 de la Ley Hipotecaria.'' Indicamos que ''Convenimos con la demandante en que 'la prueba indica que El Koury fué sólo un agente de Rivera, que no fué comprador de buena fe, y que no fué sino un testaferro'.'' En su consecuencia, confirmamos la sentencia contra todos los tres demandados. *Olmedo* v. *Rivera,* 65 D.P.R. 49, 53.

Balbín y la actual esposa de Rivera no fueron parte en el caso resuelto en 65 D.P.R. 49. En consecuencia, Celia Olmedo radicó un nuevo pleito—el caso que está ahora ante nos en apelación—contra Rivera y su actual esposa, Joaquina Andrini, Meléndez, El Koury y Balbín y su esposa, solicitando la nulidad de la escritura de El Koury a favor de Balbín en tanto en cuanto concierne el interés de Celia Olmedo en el inmueble en cuestión, la nulidad de su inscripción y la restitución del aviso de *lis pendens.* Luego de un juicio en los méritos, la corte de distrito dictó sentencia a favor de la demandante. Solamente Balbín y su esposa han apelado.

Según indicó la corte de distrito, existen ciertas circunstancias en el récord que dan motivos para dudar de la buena fe de Balbín. Sin embargo, no es necesario apoyar-

nos en estas circunstancias para convenir con la conclusión de la corte de distrito de que Balbín no es un tercero protegido por la Ley Hipotecaria. Nos fundamos en que si bien la escritura de venta judicial a favor de El Koury se otorgó el 31 de mayo de 1938, dicha escritura no fué presentada al Registro de la Propiedad hasta el 6 de marzo de 1941, fecha en que todas las tres escrituras—la obtenida por El Koury, la de El Koury a favor de Balbín, y la de hipoteca de Balbín a favor de Joaquina Andrini, segunda esposa de Rivera—fueron presentadas al Registrador. Por consiguiente, cuando El Koury otorgó la escritura sobre el inmueble a favor de Balbín el 17 de febrero de 1941, la propiedad aparecía inscrita no a nombre de El Koury sino a nombre de sus dueños originales, Rivera y su esposa, Celia Olmedo. En tales circunstancias ni Balbín ni Joaquina Andrini,(¹) quien no ha apelado, podían ·alegar que él o ella era tercero a tenor con los artículos 33 y 34 de la Ley Hipotecaria.(²)

 Como puede verse por el artículo 34, para invocar con éxito la condición de tercero, es necesario que la persona que otorgue el contrato a favor del que alega ser tercero, tenga inscrito su título en el registro de la propiedad. Si

---

(¹)La sentencia apelada nada dice en cuanto a Joaquina Andrini. Sin duda esto es así porque del récord surge que la hipoteca a su favor había sido cancelada.

(²)Estos artículos prescriben como sigue:

"Artículo 33.—La inscripción no convalida los actos o contratos que sean nulos con arreglo a las leyes.

"Artículo 34.—No obstante lo declarado en el artículo anterior, los actos o contratos que se ejecuten u otorguen por *persona que en ·el registro aparezca con derecho para ello*, no se invalidarán ·en cuanto a tercero, una vez inscritos, aunque después ·se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo registro.

"Solamente en virtud de un título inscrito podrá invalidarse, en perjuicio de tercero, otro título posterior también inscrito, salvo lo dispuesto en ·el artículo 389.

"Lo dispuesto en este artículo no será aplicable en ningún tiempo al título inscrito con arreglo a lo prevenido en el artículo 390, a menos que la prescripción haya convalidado y asegurado el derecho a que se refiera dicho título."
(Bastardillas nuestras).

ese título no estaba inscrito cuando compró el demandado, no puede éste alegar que adquirió de persona que en el registro aparecía con derecho para transmitirle el dominio o derecho real. *Lizardi* v. *Caballero,* 65 D.P.R. 83. En tales circunstancias, no es necesario que el defecto del título aparezca del registro, pues la persona que adquiere en las condiciones antes indicadas, no está protegida por la Ley Hipotecaria. Él es un tercero de acuerdo con el Derecho Civil y en tal virtud, no puede obtener más derechos que los que tenía el que se los transmitió. Como el título de El Koury era nulo, esa nulidad afectó a Balbín aun en el supuesto de que éste no tuviera conocimiento de ello.

No vemos base alguna para intervenir con el pronunciamiento de la sentencia concediendo a la demandante $300 para honorarios de abogado.

*La sentencia de la corte de distrito será confirmada.*