Los Jueces Asociados Sres. Pérez Pimentel y Belaval no intervinieron.

MANUEL, ROQUE, DOMINGO y MARÍA MERCEDES PÉREZ CRUZ, demandantes y apelantes, *v.* RAMÓN CANCEL, RAMÓN CRUZ y ROSA NAVARRO VDA. DE REINÉS, demandados y apelados.

Número 10843.

*Sometido:* 3 de diciembre de 1953. *Resuelto:* 7 de junio de 1954.

668

*David Curet Cuevas,* abogado de los apelantes; *Arcilio Alvarado,* abogado de la apelada Sra. Navarro Vda. de Reinés; *J. M. Valentín Esteves,* abogado del apelado Sr. Cancel.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Cuando en 5 de agosto de 1931 Domingo Pérez Provecho falleció sin dejar testamento alguno, en el Registro de la Propiedad figuraba inscrita a nombre suyo y de su esposa Juana Cruz Travieso una finca(¹) con un área total de 10.63 cuerdas. A Pérez Provecho le sobrevivieron su citada esposa y sus hijos legítimos Manuel, Roque, Domingo y María Mercedes, quienes pasaron a ser únicos dueños de la aludida propiedad en común y proindiviso, correspondiendo a la viuda

---

(¹) La finca de 10.63 cuerdas se formó por agrupación de dos pequeñas fincas de 2.63 y 8 cuerdas, respectivamente.

la mitad de ella, y a los cuatro hijos la otra mitad, por partes iguales. Como se adeudaban ciertas contribuciones territoriales sobre las dos fincas (²) que luego de agrupadas formaron la de 10.63 cuerdas, allá para el año 1935 el Tesorero de Puerto Rico inició contra éstas sendos procedimientos de apremio que culminaron en la venta en pública subasta de las mismas y en la adjudicación de ambas a Nicolasa Acosta, esposa del demandado Ramón Cancel. Más tarde la adquirente y su esposo vendieron la citada finca—en el Registro figuraba como una sola propiedad—después de hacerle varias mejoras, a Ramón Cruz, quien luego la vendió a Efraín S. Sánchez y éste posteriormente a Rosa Navarro vda. de Reinés, a cuyo nombre figura inscrita en la actualidad. Juana Cruz Travieso, condueña de la referida propiedad de 10.63 cuerdas y madre de los demandantes, falleció asimismo abintestato el 14 de agosto de 1944.

Así las cosas, en 5 de julio de 1949 los cuatro hijos de los dueños originales de las dos citadas propiedades instaron demanda de nulidad de actuaciones, reivindicación y reclamación de frutos. Sostienen en ella, en síntesis, que los procedimientos de apremio seguidos por el Tesorero de Puerto Rico contra las dos fincas mencionadas fueron enteramente nulos por no haberse notificado de los embargos a todos y cada uno de los dueños de las mismas, o sea a Juana Cruz Travieso y a Manuel, Roque, Domingo y María Mercedes Pérez Cruz, dueña la primera de la mitad de las fincas como cónyuge supérstite y dueños los cuatro restantes de la otra mitad. Alegan también haber sufrido daños y perjuicios, que según ellos pueden razonablemente calcularse a razón de $150 anuales desde la fecha en que se les privó del disfrute de las indicadas propiedades.

Todos y cada uno de los adquirentes de las fincas en cuestión figuran en el pleito como demandados, a excepción de Efraín S. Sánchez. Sin embargo, éste también se personó en

---

(²) Para fines contributivos las fincas, no obstante su agrupación, continuaron figurando como dos propiedades distintas.

autos a instancias de la demandada Rosa Navarro vda. de Reinés, quien solicitó se citara a aquél de conformidad con lo dispuesto por el Código Civil para casos de evicción.(³) Luego de suscitarse varias cuestiones de derecho que es innecesario reseñar ahora, fué el pleito a juicio, dictando sentencia el tribunal a quo, declarando sin lugar la demanda y condenando a los demandantes al pago de las costas y de $200 para honorarios de abogado. En sus conclusiones de derecho dicho tribunal manifestó que las subastas celebradas fueron legales; que habiendo los demandantes Roque y Domingo Pérez Cruz otorgado con posterioridad a las adjudicaciones una escritura en que reconocían la legalidad de las ventas y cedían todos sus derechos y acciones en el inmueble objeto del litigio, ahora están impedidos (*estopped*) de atacar la validez de las ventas; que contra el demandante Manuel Pérez Cruz milita la presunción de muerte, por lo que no es parte en el procedimiento, el abogado de los demás demandantes no ostenta su representación y aquél debe ser eliminado del caso; y que el demandado Ramón Cancel fué en todo tiempo un poseedor de buena fe.

 La primera contención de los demandantes ahora es que el Tribunal Superior erró al resolver que fué legal el procedimiento de apremio para el cobro de contribuciones seguido contra la finca(⁴) objeto de la reivindicación. Asiste la razón a los apelantes. Para el año 1935 Domingo Pérez Provecho había dejado de existir y los dueños de las propiedades, según se ha indicado, lo eran su viuda y sus cuatro hijos, los aquí demandantes. No obstante ello, el embargo trabado sobre la finca de 2.63 cuerdas fué notificado única y exclusivamente a "Domingo Pérez, Jr.", como contribuyente, y el de la finca de 8 cuerdas tan sólo a "Domingo Pérez"(⁵)

---

(³) Véanse los arts. 1364 al 1372 del Código Civil, ed. 1930.

(⁴) Como cuestión de hecho se siguieron dos procedimientos de apremio distintos, uno contra la finca de 8 cuerdas y otro contra la de 2.63 cuerdas.

(⁵) Damos por sentado que el Domingo Pérez Jr. y el Domingo Pérez notificados de ambos embargos no era otro que el demandante Domingo Pérez Cruz, ya que, repetimos, para aquel entonces Domingo Pérez Provecho había fallecido.

como dueño actual. Puesto que la persona notificada no era el único dueño de las propiedades que servían de objeto a los procedimientos de apremio, lo correcto hubiera sido notificar de los embargos a todas y cada una de las personas a quienes las fincas pertenecían para aquel entonces. Conforme hemos decidido en un sinnúmero de casos, es requisito indispensable notificar el embargo que se efectúa dentro del procedimiento de apremio a todas y cada una de las personas que resultan ser dueñas de la propiedad objeto del mismo. Cuando solamente se notifica a uno de los dueños el procedimiento es enteramente nulo respecto a los dueños no notificados. *Autoridad de Fuentes Fluviales* v. *Registrador*, 71 D.P.R. 847; *Sucn. Arce* v. *Sierra*, 70 D.P.R. 841; *González* v. *Sucn. Díaz*, 69 D.P.R. 643; *Nieves* v. *Registrador*, 67 D.P.R. 1; *Cortés* v. *Registrador*, 58 D.P.R. 12; *González* v. *Pirazzi*, 23 D.P.R. 399. *Cf. Hernández* v. *Registrador*, 30 D.P.R. 196. El hecho de que se notificara de las respectivas ventas a "Domingo Pérez Provecho, como dueño . . . o a sus desconocidos herederos o cesionarios" por medio de edictos no subsana en forma alguna el defecto fatal cometido al notificarse los embargos. *Nieves* v. *Registrador*, supra. Fué, por tanto, un error del tribunal a quo concluir que los procedimientos de apremio fueron válidos contra todos y cada uno de los demandantes. Lo fueron tan sólo contra Domingo Pérez Cruz, único dueño notificado de los mismos. *González* v. *Sucn. Díaz*, supra.

Ahora bien, de los autos aparece una escritura otorgada en 17 de agosto de 1935—las adjudicaciones de las dos fincas se efectuaron el 31 de julio de 1935—en la cual se hace constar que los comparecientes Roque y Domingo Pérez Cruz son dueños en común proindiviso de una cuarta parte cada uno en la mitad de la finca de 10.63 cuerdas, por herencia de su finado padre; que dicha finca fué rematada por la otra compareciente Nicolasa Acosta de Cancel en procedimiento de embargo seguido para el cobro de contribuciones con fecha 31 de julio del mismo año; que aquéllos, o sea Roque y Do-

mingo, han convenido en venderle a la otra compareciente (Nicolasa Acosta) sus derechos y acciones hereditarios en la descrita finca y lo formalizan por medio de esa escritura, por el ajustado precio de $18.75 cada condominio; y que "los vendedores hacen expresa y formal renuncia de todo derecho de redención que tuvieren con motivo de la compra en pública subasta que de la descrita finca hiciere la segunda compareciente según antes queda expuesto, siendo el importe de esta venta la consideración de dicha renuncia." Esa escritura no tiene el alcance que le dió el tribunal sentenciador. En ella Domingo y Roque no reconocieron en forma alguna la validez del procedimiento de apremio. Siendo el mismo nulo *per se* y por ende inexistente, ninguna actuación posterior de parte de ellos podía convalidarlo. *González* v. *Sucn. Díaz*, 69 D.P.R. 643, 658. *Cf. Gaztambide* v. *Sucn. Ortiz*, 70 D.P.R. 412, 426; *González Rodríguez* v. *Fumero*, 38 D.P.R. 556, 567. No obstante, en cuanto al condominio de la cuarta parte de la mitad de las fincas que cada uno de ellos tenía para aquel entonces en las fincas subastadas, Roque y Domingo no tienen causa de acción alguna por haberlo vendido, estando en su consecuencia impedidos de traer acción alguna en relación con dicho condominio. Empero, no ocurre lo mismo con el condominio que a la muerte de Juana Cruz Travieso ellos heredaron de ésta. Se recordará que al morir su esposo Juana Cruz Travieso resultó ser dueña de la mitad de las propiedades que más tarde fueron subastadas. Cualquier derecho que a virtud de la nulidad de los procedimientos de apremio ella tenía en dichas propiedades pasó a sus cuatro hijos al momento de su muerte. Por tanto, a su fallecimiento Roque y Domingo, al igual que los otros dos hijos—Manuel y María Mercedes—heredaron todos los derechos que su señora madre tenía en las propiedades. Tales derechos, equivalentes a la cuarta parte de la mitad de las fincas para cada uno, no fueron cedidos por Roque y Domingo a virtud de la escritura a que antes se ha hecho mención. Art. 1223 del

674

Código Civil. (⁶) En relación con los mismos Roque tiene causa de acción para pedir la nulidad de las subastas, mas no así Domingo por haber sido notificado, como hemos dicho, del procedimiento de apremio. La renuncia del derecho de redención que figura en las tantas veces mencionada escritura no podía comprender aquello que al momento de firmarse la escritura Roque no tenía.

■ También erró el tribunal sentenciador al concluir que contra el demandante Manuel Pérez Cruz milita la presunción de muerte. Si bien de acuerdo con la prueba que desfiló durante el juicio, hace más de 20 años que Manuel se fué de la isla de Puerto Rico y hace muchos años que no se tiene noticia alguna de su paradero, sin embargo, de acuerdo con el art. 56 del Código Civil, ed. 1930, para que surja la presunción de muerte de un ausente es necesario que transcurran "quince años desde el día en que fuere concedida la posesión provisional de los bienes del ausente, o desde el día en que el marido o la mujer se hubiese hecho cargo de la administración de los bienes del cónyuge ausente . . . o pasados 90 años desde el nacimiento del ausente." En este caso no hay prueba de que se cumpliera con ninguno de dichos requisitos. No pudo surgir, en su consecuencia la presunción de muerte. *Pillich* v. *Registrador*, 69 D.P.R. 932.

■ Aunque la comparecencia de un abogado es prueba presuntiva de su facultad para representar a la persona por quien comparece—*Catoni* v. *Aybar*, 60 D.P.R. 645; *Miranda* v. *Pesquera*, 49 D.P.R. 239; *Asoc. Padres Capuchinos* v. *Corte*, 44 D.P.R. 680—sin embargo esa presunción puede ser rebatida. *Claudio* v. *Palacios y Muñiz*, 29 D.P.R. 825. En este caso lo fué con éxito. En su consecuencia, Manuel debe ser eliminado del pleito. No obstante, esa eliminación no afecta en forma alguna el resultado del litigio, toda vez que

---

(⁶) El art. 1223 del Código Civil, ed. 1930, dispone en lo pertinente que:
" . . . . . . . . . .

"Sobre la herencia futura no se podrá, sin embargo, celebrar otros contratos que aquéllos cuyo objeto sea practicar entre vivos la división de un caudal conforme al artículo 1009. . . ."

los demás condóminos—Roque y María Mercedes—podían demandar en reivindicación de la finca sin necesidad de unir al ausente. Conforme indica el ilustre tratadista José Castán Tobeñas a la pág. 199 del Tomo 2 de su obra sobre Derecho Civil Español Común y Foral, sexta edición, revisada, "La jurisprudencia del Tribunal Supremo [de España] admite que pueda cualquiera de los condueños entablar la acción reivindicatoria en beneficio de todos (Sentencias de 6 de abril de 1896 y 5 de junio de 1918) ; . . . En general, considera el Supremo como doctrina inconcusa la de que cualquiera de los partícipes puede comparecer en juicio en asuntos que afecten a los derechos de la comunidad, ya para ejercitarlos, ya para defenderlos, en cuyo caso la sentencia dictada en su favor aprovechará a sus compañeros, sin que les perjudique la adversa o contraria, (Sentencias de 6 de abril de 1896, 27 de octubre de 1900, 30 de mayo de 1906, 5 de junio de 1918, 4 de abril de 1921 y 18 de diciembre de 1933)." Sobre este mismo extremo el no menos ilustre tratadista Manresa se expresa así a la pág. 476 del tomo 3 de sus Comentarios al Código Civil Español, sexta ed. corregida y aumentada:

"También respecto de la acción característica del dominio, tenemos una cosa análoga, puesto que tratándose de fincas pertenecientes proindiviso a varias personas, puede cualquiera de los condueños entablar la acción reivindicatoria en beneficio de todos (sentencia de 6 de abril de 1896)."

El demandado Rafael Cancel no fué un poseedor de buena fe. De acuerdo con la ley se reputa poseedor de buena fe al que ignora que en su título o modo de adquirir exista vicio que lo invalide. Art. 363 del Código Civil, ed. de 1930. Cancel sabía que para la época en que se inició el procedimiento de apremio Domingo Pérez Provecho había muerto. Sabía también que no obstante ello, sólo se había notificado de dicho procedimiento a uno de los condueños. Tenía en su consecuencia pleno conocimiento de la nulidad del procedimiento de apremio y no ignoraba, por ende, que su título estaba viciado de nulidad.

La demandada Rosa Navarro vda. de Reinés nos pide que la exoneremos de toda responsabilidad por ser ella un tercero hipotecario. Según el art. 27 de la Ley Hipotecaria se considera tercero a aquél que no ha intervenido en el acto o contrato inscrito. También dispone dicha Ley en su artículo 33 que "la inscripción no convalida los actos o contratos que sean nulos con arreglo a las leyes," y en el 34 que "no obstante lo declarado en el artículo anterior, los actos o contratos que se ejecuten u otorguen por persona que en el Registro aparezca con derecho para ello no se invalidarán en cuanto a tercero, una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo Registro." Así pues, como la adjudicación a Nicolasa Acosta—esposa de Cancel—fué nula, la inscripción de la misma en el Registro de la Propiedad no convalidó ese acto. Sin embargo, Cancel y su esposa vendieron la propiedad, como se ha dicho, a Ramón Cruz y éste a Efraín Sánchez, de quien la Reinés adquirió a título oneroso. Como del Registro de la Propiedad no aparecía claramente el defecto de que adolecía la adquisición hecha por Cancel, ni se ha demostrado que la Sra. Reinés interviniera en forma alguna en el procedimiento de apremio, el hecho de que el título de Cancel y su esposa se anule ahora, no puede en forma alguna privar a la señora Reinés de su calidad de tercero. Debe, por tanto, exonerársele de toda responsabilidad en este pleito. Véanse *Jiménez* v. *Álvarez*, 69 D.P.R. 323, 334; *Lizardi* v. *Caballero*, 65 D.P.R. 83; *Annoni* v. *Sucn. Nadal*, 59 D.P.R. 640; *Vives* v. *Sucn. Amorós*, 34 D.P.R. 174; *Castelló* v. *Pérez*, 23 D.P.R. 763; *Cf. Cruz* v. *Sucn. González*, 72 D.P.R. 308; *Rivera* v. *Meléndez*, 72 D.P.R. 432, 439; *Olmedo* v. *Balbín*, 69 D.P.R. 588; Morell, Legislación Hipotecaria, segunda ed. corregida y adicionada (1927) pág. 678; Roca Sastre, Derecho Hipotecario, tomo 1, pág. 506. La Dirección General de los Registros al enfrentarse con un problema similar al aquí planteado por esta demandada, se ex-

presó del siguiente modo en su Resolución de 8 de julio de 1911 (Anuario de 1911 de la Dirección General de los Registros, pág. 195):

"Considerando: que si es indudable la facultad de la Administración para anular gubernativamente las ventas que otorga, también lo es que en el ejercicio de la misma ha de someterse a los preceptos de la legislación hipotecaria, y que en este concepto *no puede la anulación perjudicar a los terceros que hubiesen adquirido su derecho por título oneroso de quien lo tuviese para transmitirlo, si la causa de la nulidad no constase claramente del mismo Registro, . . ."* (Bastardillas nuestras.)

expresándose dicha Dirección en igual sentido a la página 234 del referido Anuario en su resolución de 20 de septiembre de 1911. Estamos enteramente de acuerdo con lo así expuesto. Véanse también las Sentencias del Tribunal Supremo de España de 13 de mayo de 1903 (95 Jur. Civ. 778); 6 de junio de 1902 (93 Jur. Civ. 911, 921); y 12 de junio de 1894 (75 Jur. Civ. 769). En vista de lo anterior, el caso de *González* v. *Pirazzi*, 23 D.P.R. 399, queda revocado en tanto en cuanto resuelve que cuando el derecho de un adquirente en la pública subasta celebrada en el procedimiento de apremio es nulo por falta de algún requisito de ley, es nulo también el traspaso sucesivo que de ese derecho se haga. [7]

---

[7] Aunque en el sumario núm. 4 del caso de *González* v. *Sucn. Díaz*, 69 D.P.R. 643 se dice que:

"Una venta para pago de contribuciones de un inmueble perteneciente a varios condueños en la cual la administración no notifique del embargo por contribuciones a todos y a cada uno de los condueños, es nula en cuanto afecta al condominio o condominios de aquellos condueños no así notificados, *siendo nulos también los traspasos sucesivos que de esos condominios se hagan,"* (Bastardillas nuestras.)

sin exponerse la razón del aserto que aparece en bastardillas, el caso sin embargo está bien resuelto. En el mismo se hace constar que el adquirente sucesivo—Ramón Díaz Román—tenía conocimiento del vicio que invalidaba el modo de adquirir y el título de sus predecesores y que no podía conceptuársele como un tercero protegido por el art. 34 de la Ley Hipotecaria. Bajo esas circunstancias, resulta meridianamente claro que el traspaso que a él se hizo era nulo.

*Debe revocarse la sentencia apelada y devolverse el caso al tribunal sentenciador para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Negrón Fernández no intervino.

El Juez Asociado Sr. Belaval disintió.